# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **DANIELLE HARBECK** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 3:23-CV-00082 |
| | § | |
| **BENIHANA NATIONAL CORP. AND** | § | |
| **RA SUSHI BAR RESTAURANT** | § | |
| | § | |
| **Defendants.** | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Danielle Harbeck ("Harbeck" or "Plaintiff") presents this, her Original Complaint against Defendant, Benihana Corporation, Inc. ("Benihana") and RA Sushi Corporation ("RA Sushi" or collectively, "Defendants" or "Defendant") and for causes of action would show the Court as follows:

### I.

### INTRODUCTION

1. Plaintiff brings this action for sex discrimination, under Title VII and Chapter 21 of the Texas Labor Code.

### II.

### PARTIES

2. Plaintiff is a citizen and resident of the State of Texas and resides at 3104 Stonefield, The Colony, TX 75056. Plaintiff may also be reached through her undersigned counsel.

3. Defendants Benihana and RA Sushi are joint employers they have a common

workforce and common management. RA Sushi operates as a support company for Benihana. Defendants are both organized under the laws of Florida and share the same corporate offices. Defendants' headquarters are located at 21500 Biscayne Blvd. Suite 900, Aventura, FL 33180

4. Defendants, Benihana National Corp. and RA Sushi Bar Restaurant may be served through their Registered Agent for service, Corporate Creations Network, Inc. located at 5444 Westheimer #1000 Houston, TX 77056.

### III.

### JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

6. Venue for all causes of actions stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391. This Court also has pendent jurisdiction over state law claims.

7. Plaintiff timely filed her charge of discrimination before the Equal Employment Opportunity Commission and Texas Workforce Commission on April 13, 2022 and received her Notice of Right to Sue on October 13, 2022. The instant complaint is being filed within 90 days of Plaintiff's receipt thereof.

### IV.

### FACTUAL ALLEGATIONS

8. Plaintiff, a white female was hired by Defendants on March 7, 2022, to be the Senior Director of Construction and Design. in this role, plaintiff worked for both Defendants. Plaintiff's direct Supervisor was Bob Hartmann. ("Hartmann")

9. On March 16, 2022, Plaintiff reported to the Defendants' corporate offices in

Aventura, Florida and met with Benihana's and Raw Sushi's CEO Tom Baldwin. ("Baldwin")

10. In that meeting, Baldwin told Plaintiff that he didn't know that they had hired a woman for Plaintiff's position. Baldwin also said that he found it funny when he saw women on construction sites wearing hard hats.

11. That same day, March 16, 2022, Hartmann asked Plaintiff to hire a man by the name of John Keen. ("Keen").

12. Hartmann told Plaintiff that he had originally wanted to hire Keen for Plaintiff's position. Hartmann then directed Plaintiff to hire Mr. Keen as Project Manager to manage a few restaurants.

13. On March 17, 2022, Hartmann asked Plaintiff to resign from her position and told Plaintiff that if she did not resign it would not go well for Plaintiff. Plaintiff declined to resign.

14. A couple of hours later, that same day, Plaintiff received a phone call from Hartmann and Sandra Cintado who informed Plaintiff that she had been terminated. No reason was given for Plaintiff's termination.

## V.

## FIRST COUNT

## SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) ET SEQ. AND CHAPTER 21 OF THE TEXAS LABOR CODE

15. The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

16. Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and belongs to a class protected under the statute, namely females.

17. Defendants are employer within the meaning of 42 U.S.C. § 2000e(d) Title VII because they both employ more than fifteen employees.

18. Defendants are also an employer within the meaning of Chapter 21 of the Texas Labor Code.

19. Defendants intentionally discriminated against Plaintiff because of her sex in violation of Title VII and Chapter 21 of the Texas Labor Code by terminating her employment and replacing her position with a male employee.

20. Plaintiff has timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission and has timely filed suit against Defendant within 90 days of her receipt of the Notice of right to Sue.

21. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

    a. Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

    b. Plaintiff suffered lost wages and related benefits.

22. Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

23. Defendant violated Title VII and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex. Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

24. Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses,

emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

## VII.

## JURY TRIAL DEMANDED

25. Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Damages for past and future mental anguish, emotional distress, and physical distress;

(4) Exemplary damages in an amount to be determined by the trier of fact;

(5) Prejudgment and Post-judgment at the maximum legal rate;

(6) All costs of court;

(7) Attorneys' fees; and

(8) Such other and further relief to which Plaintiffs may be justly entitled.

Date: January 11, 2023.        Respectfully submitted,

**KILGORE & KILGORE**

By: */s/ Nicholas A. O'Kelly*

        State Bar No. 15241235  
        3141 Hood St. Suite 500  
        Dallas, TX 75219  
        (214) 379-0827 - Telephone  
        (214) 953-0133 - Telecopier  
        email: nao@kilgorelaw.com  

        **ATTORNEY FOR PLAINTIFF**  
        **DANIELLE HARBECK**